UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



CYNTHIA MROSZCZAK,

        Plaintiff,

v.

TATE & KIRLIN ASSOCIATES, INC.,

        Defendant.

**DECISION AND ORDER**

6:17-CV-06381 EAW

## BACKGROUND

Plaintiff Cynthia Mroszczak ("Plaintiff") filed this action on June 15, 2017. (Dkt. 1). A Summons as to Defendant Tate & Kirlin Associates, Inc. ("Defendant") was issued on June 16, 2017. (Dkt. 2).

On May 29, 2018, the Court entered an Order to Show Cause (Dkt. 4), in which it noted that the docket did not reflect any action in the case by Plaintiff since filing the Complaint. (*Id.* at 1). The Court ordered Plaintiff to show cause, in writing, within 30 days as to why the matter should not be dismissed for failure to prosecute. (*Id.* at 2).

On June 25, 2018, Plaintiff filed an affidavit of service showing that Defendant had been served with the Summons and Complaint on February 27, 2018. (Dkt. 5). On June 26, 2018, Plaintiff filed a request for an entry of default as to Defendant. (Dkt. 6). The Clerk of Court entered an entry of default on June 29, 2019. (Dkt. 8).

On June 28, 2018, Plaintiff's counsel filed a Declaration in response to the Court's Order to Show Cause. (Dkt. 7). The Declaration states that the "reason for the lack of prosecution" is that Plaintiff had been "unable to obtain proof of service of the Summons

and Complaint from the process server hired in this case" because of health issues the process server was suffering. (*Id.* at 5).

On January 31, 2019, Plaintiff moved for default judgment. (Dkt. 9). Defendant was served with the motion papers (Dkt. 9-4), and the Court gave Defendant until February 22, 2019, to file a response (Dkt. 10). Defendant has not appeared or opposed Plaintiff's motion.

For the reasons discussed below, the Court denies Plaintiff's motion for default judgment without prejudice. The Court further orders Plaintiff to show cause, in writing, within 30 days of entry of this Decision and Order, why the matter should not be dismissed for failure to timely effectuate service of process.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 55 sets forth the procedural steps for entry of a default judgment. First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). As discussed, Plaintiff has already obtained an entry of default as to Defendant. (Dkt. 8). "Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b) (providing for entry of default judgment by the clerk where the "plaintiff's claim is for a sum certain" or by the court in "all other cases").

"In determining whether to enter a default judgment, courts have cautioned that a default judgment is an extreme remedy that should only be granted as a last resort." *La*

*Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 347 (E.D.N.Y. 2009). In light of the Second Circuit's "strong preference for resolving disputes on the merits, and because a default judgment is the most severe sanction which the court may apply," the Second Circuit has "characterized a district court's discretion in proceeding under Rule 55 as circumscribed." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (citations and quotations omitted). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). Relevant to the instant matter, "[a] default judgment may not be granted . . . if the defendant has not been effectively served with process." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 72 (S.D.N.Y. 2007) (collecting cases); *see also Happy Homes, LLC v. Jenerette-Snead*, No. 15CV01788MKBRML, 2016 WL 6599826, at *3 n.10 (E.D.N.Y. Nov. 7, 2016) ("Ineffective service-of-process is a ground to deny a motion for default judgment.").

## II. Defendant was not Timely Served

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd.*

*v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. *See id.* Pursuant to Rule 4(m), service must occur "within 90 days after the complaint is filed," and, if it does not, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against [the] defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court may extend the time for service on good cause shown. *Id.*

In this case, the Complaint was filed on June 15, 2017 (Dkt. 1), but Defendant was not served until February 27, 2018 (Dkt. 5), more than eight months later and well outside the 90-day limit set forth in Rule 4(m). Plaintiff never sought or received an extension of time from the Court for service of process. Moreover, although Plaintiff has proffered an explanation for why she failed to file proof of service for four months after service was completed (*see* Dkt. 7), she has offered no explanation whatsoever for the failure to comply with Rule 4(m)'s service deadline. Accordingly, on the instant record, there is no basis for the Court to *sua sponte* grant a retroactive extension of time for service.

For these reasons, the Court denies Plaintiff's motion for a default judgment without prejudice. The Court further orders Plaintiff to show cause, in writing, within 30 days of entry of this Decision and Order, why the matter should not be dismissed for failure to comply with Rule 4(m). *See Etheredge-Brown v. Am. Media, Inc.*, No. 13-CV-1982 JPO, 2015 WL 4877298, at *1 (S.D.N.Y. Aug. 14, 2015) (explaining that, in case where the plaintiffs did not serve the defendant with process until "more than 400 days after the filing of the complaint," and the plaintiffs thereafter moved for default judgment, "the Court denied the motion for default judgment without prejudice and ordered Plaintiffs to show

cause why the claim against [the defendant] should not be dismissed for failure to comply with Rule 4(m)").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment (Dkt. 9) is denied without prejudice. **Plaintiff is ordered to show cause, in writing, within 30 days of entry of this Decision and Order, why the matter should not be dismissed for failure to timely effectuate service as required by Federal Rule of Civil Procedure 4(m)**.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 10, 2019
       Rochester, New York